RAY GREEN V. GEORGE SINK, P.A. INJURY LAWYERS, ET AL.
C/A NO. 2:19-CV-2063-DCN-TER

DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFF

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Ray Green,<br><br>        Plaintiff,<br><br>vs.<br><br>George Sink, P.A. Injury Lawyers, Laura Jones, Katie French, and Amy Erkman,<br><br>        Defendants. | Civil Action No.: 2:19-cv-02063-DCN-TER<br><br>**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** |

TO:   RAY GREEN, PRO SE PLAINTIFF

Defendants George Sink, P.A. Injury Lawyers ("George Sink"), Laura Jones, Katie French and Amy Erkman (collectively "Defendants"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propound and serve the following written interrogatories upon Plaintiff to be answered separately, in writing and under oath, within thirty (30) days from the date of service hereof. Such answers are to be supplemented as required by Rule 26(e).

### DEFINITIONS AND INSTRUCTIONS

1.  The term "document" is used in its broadest sense to mean every information-containing thing, including copies and duplications, and further including, without limitation, correspondence, papers, records, computer printouts, magnetic tapes, disks, meta data, or other computer-stored information, audio tapes, videotapes, transcripts of audio tapes or videotapes, film, photographs, checks, bank statements, orders, contracts, agreements, notes of telephone or other conversations, and any other information-containing paper, writing, or thing.

2.  "You," "your," or "Plaintiff" refers to the plaintiff, Ray Green, and his present or former agents, attorneys, representatives, and all other persons who have acted or purported to act on his behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories, whether or not it is contended that such entity or person had authority to act on behalf thereof.

3.  The term "identify" or "describe" or state the "identity of" means:

(a) as to a person to state the full name, present business and home addresses, present business and home telephone numbers, and present or last known position in business;

(b) as to a firm, partnership, corporation or any other form of business entity to state the full name, address, and telephone number;

(c) as to a document to describe the type of document (e.g. letter, statement, memorandum, telegram, notes of telephone conversation, etc.), its date, the identity of the sender(s), the identity of the recipient(s), and its present location and custodian. In lieu thereof, a copy of the document may be produced. As to a document which was, but is no longer in Plaintiff's possession or subject to his control, you should also state what disposition was made of it, and the particulars of its present location;

(d) as to any communication to state the type of communication (e.g. oral, written, computer, etc.), the date and substance of such communication, the identity of the participants, and any documents evidencing or supporting such communication.

4. If any document, communication, or thing is withheld under any claim of privilege or work product, state the precise nature of the objection to production and provide a list of such documents, communications, or things including the following: the identity of the author(s) or participant(s); the identity of each recipient of the document or information; the identity of the individual or individuals to whom copies of the document have been furnished or the information communicated; the date the document was created or the information disseminated; a description of the subject matter of the document or information; and the specific interrogatory or document request to which each document or information is responsive.

## INTERROGATORIES

1. Provide the names, addresses, and telephone numbers of persons known to you or your counsel to have personal knowledge concerning the facts of the case and indicate whether written or recorded statements have been taken from these persons and, if so, indicate who has possession of such statements.

2. For each person known to the Plaintiff to be a witness concerning the facts of the case, set forth either a summary sufficient to inform Defendants of the facts known to or observed by such witness and provide a copy of any written or recorded statements taken from such witnesses.

3. Identify each and every lawsuit, charge, complaint, claim, or action filed or otherwise initiated by you or on your behalf or in which you have participated or attempted to participate. For each such lawsuit, charge, complaint, claim, or other action listed: identify all parties thereto; state the date on which the action was initiated; identify the court or agency where the action was filed; state the case, charge, claim, or action number; describe the nature of the action (e.g., discrimination charge, workers' compensation claim, unemployment claim, contract dispute, tort lawsuit, etc.); and describe in detail how the complaint, lawsuit, charge, claim, or action was resolved, including whether you received compensation as a result of the complaint, lawsuit, charge, claim, or action.

4. Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance and opinions to which the expert is expected to testify, and state a summary of the grounds for each opinion.

5. Set forth a list of photographs, plats, sketches or other prepared documents in possession of the Plaintiff that relate to the claim or defense in this case.

6. If you are claiming emotional pain and suffering and/or emotional distress in this lawsuit, please identify the names and addresses of all health care providers, including but not limited to, physicians, counselors, nurses, psychologists, psychiatrists, therapists, drug treatment providers and pharmacies, etc., from whom you sought treatment and/or filled prescriptions since your last day of working at George Sink.

7. Describe your efforts at mitigating the damages you allege you have suffered in this case.

8. Please identify all of your employers or other work or employment prior to your working at George Sink. Include your dates of employment, the name and address of the

employer, your supervisor's name, your job title and responsibilities, and the reasons for termination or departure.

9. Please identify all of your employers or other work or employment after your employment at George Sink ended. Include your dates of employment, the name and address of the employers, your supervisor's name, your job title and responsibilities, and the reasons for termination or departure.

10. Set forth an itemized statement (including a calculation of the dollar value) of all damages claimed to have been sustained by you as a result of the allegations in the Complaint.

11. Identify any social or professional media sites of which you were/are a member or in which you participate or have participated from January 1, 2018 to the present.

12. Identify any and all individuals who assisted in responding to these Interrogatories and in preparing Plaintiff's Complaint or Plaintiffs Response to the Motions to Dismiss in Part.

The Interrogatories above set forth shall continue from the time of service until the time of trial of the case, and any information requested herein which shall come to your knowledge after answers have been submitted, shall be promptly submitted to the undersigned.

                                                                  /s/

| | |
|---|---|
| Molly Hughes Cherry | Fed ID No. 7067 |
| MCherry@nexsenpruet.com | |
| Melissa F. Spence | Fed ID No. 11194 |
| MSpence@nexsenpruet.com | |

NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC 29402
Phone: 843.577.9440

Cheryl H. Ledbetter  Fed ID No. 11446
Gibbs & Holmes
171 Church Street Suite 110
Charleston, SC 29401
Phone: 843-722-0033
cledbetter@gibbs-holmes.com

September 30, 2019
Charleston, South Carolina

ATTORNEYS FOR DEFENDANTS

5

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF has been served upon the following by placing the same in the United States mail, first class postage prepaid, addressed to the following as shown below this 30th day of September, 2019 to the following:

Ray Green
4747 Lambs Road
Apt. 21J
North Charleston, SC  29418

*PRO SE PLAINTIFF*

                                                    _____
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, South Carolina 29402
Telephone:  843.577.9440

6