RAY GREEN V. GEORGE SINK, P.A. INJURY LAWYERS, ET AL.
C/A NO. 2:19-CV-2063-DCN-TER

DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFF

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Ray Green,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>George Sink, P.A. Injury Lawyers, Laura Jones, Katie French, and Amy Erkman,<br><br>　　　　Defendants. | Civil Action No.: 2:19-cv-02063-DCN-TER<br><br>**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

TO:　RAY GREEN, PRO SE PLAINTIFF

Defendants George Sink, P.A. Injury Lawyers ("George Sink"), Laura Jones, Katie French and Amy Erkman (collectively "Defendants"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby propounds and serves the following written requests for production upon Plaintiff to be answered separately, in writing and under oath, within thirty (30) days from the date of service hereof. Such answers are to be supplemented as required by Rule 26(e).

**DEFINITIONS**

1.　The term "communication(s)" when used in these requests shall include the transmittal of information by any means, at any time or place, under any circumstances, written, oral, electronic or otherwise.

2.　The term "document" or "documents" when used in these requests encompasses all items within the scope of Fed. R. Civ. P. Rule 34, including without limitation, all original written, recorded, electronic, or graphic materials whatsoever, and any and all non-identical copies thereof. If different versions of the same document are being produced, please identify the date on which each version was created. By way of illustration and not limitation, "document" or "documents" include all hand written, printed, typed, or computer generated paper documents, emails, calendars, diaries, notes, audio tapes, video tapes, sound recordings, photographs, multi-media works, drawings, electronic files held in any medium (including servers, hard drives, tapes, discs, voice mail, electronic mail or internet storage) and data compilations in any form whatsoever.

3. The terms "you," and "your" where used in these Requests refers to Plaintiff and his agents, representatives, employees, servants, attorneys and any other person acting on his behalf.

4. The words "relating to" mean referring to, reflecting, responding to, commenting upon, recording, discussing, showing, describing, analyzing, constituting, or in any way concerning.

5. The singular shall be deemed to include the plural; the plural to include the singular; words in the masculine, feminine or neuter shall include each of the other genders; and the words "and" and "or" shall be construed conjunctively or disjunctively, all as necessary to make the document requests inclusive rather than exclusive.

## INSTRUCTIONS

1. These document requests are deemed to be continuing so as to require supplemental responses and the production of additional documents in the event that you locate or discover documents responsive to one or more of these requests, which documents have not previously been produced to George Sink.

2. Each document request is to be answered separately, in writing, and as completely as possible.

3. If you contend that any of these requests call for production of documents that are protected from discovery by the attorney-client privilege, by the work-product rule, or by any other claim of privilege, identify each document you contend is so protected by stating the type of document (e.g., handwritten notes, letters, etc.), its author(s), all recipient(s), when it was created, its general subject matter, the nature of the privilege or other reason which justifies non-production and all facts upon which the claims of privilege or other claimed justification of non-production is based.

## REQUESTS FOR PRODUCTION

1. All documents in any way relating to or referring to the allegations and claims set forth in the Plaintiff's Complaint, including, without limitation, any letters, notes, diaries, calendars, memoranda, handbooks, applications for employment, work files, or other documentation prepared by or for you or provided to you.

2. All documents in any way relating to or referring to the defenses set forth in the Answer to the Complaint, including, without limitation, any letters, notes, diaries, calendars, memoranda, or other documentation prepared by or for you or provided to you.

2

3. All statements, whether written or recorded, and any documents from any party or witness known to you obtained in connection with the claims and defenses raised in this action.

4. All reports, memoranda or evaluations obtained from or prepared by any expert witnesses consulted or retained by you in this case.

5. All reports, memoranda or evaluations relied upon by any expert retained by you and upon which the expert bases an opinion.

6. All documents used in responding to the Defendants' interrogatories, requests to admit or requests for production of documents to the Plaintiff.

7. Any other documents in your custody or control not covered by the above requests, which relate in any way to the claims asserted in this action, regardless of whether you intend to use them at the trial of this case.

8. Copies of your state and federal tax returns for 2016, 2017 and 2018, including any W-2s or 1099s.

9. All documents evidencing any alleged damages in this case.

10. All documents evidencing your efforts at obtaining other employment or work after your employment at George Sink ended.

11. Any and all documents which evidence or relate to any income earned or compensation or payments received from any source from the last date you worked at George Sink.

12. Copies of any documents or other evidence you intend to use or introduce at the trial of this case.

13. Copies of any documents or other material received in response to any subpoena, Freedom of Information Act request or any other request to any third party.

These requests are meant to be continuing and you are requested to provide promptly, by way of supplementary responses thereto such additional information as may hereafter be obtained by you or any person or organization on your behalf, which will augment or otherwise modify any answers given to the foregoing requests.

/s/ Molly Cherry
Molly Hughes Cherry          Fed ID No. 7067
MCherry@nexsenpruet.com
Melissa F. Spence            Fed ID No. 11194
MSpence@nexsenpruet.com
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC 29402
Phone: 843.577.9440

Cheryl H. Ledbetter  Fed ID No. 11446
Gibbs & Holmes
171 Church Street Suite 110
Charleston, SC 29401
Phone: 843-722-0033
cledbetter@gibbs-holmes.com

September 30, 2019
Charleston, South Carolina          ATTORNEYS FOR DEFENDANTS

4

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF has been served upon the following by placing the same in the United States mail, first class postage prepaid, addressed to the following as shown below this 30th day of September, 2019 to the following:

Ray Green
4747 Lambs Road
Apt. 21J
North Charleston, SC 29418

*PRO SE PLAINTIFF*

                                                              /s/ *[signature]*
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, South Carolina 29402
Telephone: 843.577.9440

5